JUDGE OETKEN

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x

AKEEM KIBLER,

                      Plaintiff,

      -v-

THE CITY OF NEW YORK, New York City Police
Department POLICE OFFICER
("P.O.") Sean STERLING (Shield #18476), in
his individual capacity,

                      Defendants.

-----------------------------------------------------------------x

**COMPLAINT
AND DEMAND
FOR A JURY TRIAL**

Index No. _____

RECEIVED JAN -5 2015 U.S.D.C. S.D.N.Y. CASHIERS

      Plaintiff AKEEM KIBLER, through his attorney MARK C. TAYLOR of Rankin & Taylor, PLLC as and for his complaint, does hereby state and allege:

### PRELIMINARY STATEMENT

1. This is a civil rights action brought to vindicate plaintiff's rights under the Fourth and Fourteenth Amendments of the Constitution of the United States, through the Civil Rights Act of 1871, *as amended*, codified as 42 U.S.C. § 1983, along with pendant claims under New York law.

2. Plaintiff AKEEM KIBLER's rights were violated when officers of the NEW YORK CITY POLICE DEPARTMENT ("NYPD") unconstitutionally and without any legal basis arrested and caused him to be prosecuted. By reason of defendants' actions, including their unreasonable and unlawful seizure of plaintiff's person, he was deprived of his constitutional rights.

3. Plaintiff seeks an award of compensatory and punitive damages and attorneys' fees.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over federal claims pursuant to 28 U.S.C. §§ 1331, 1343(a)(3-4). This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988 for violations of the Fourth and Fourteenth Amendments to the Constitution of the United States.

5. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) in that plaintiff's claim arose in the Southern District of New York.

6. Pursuant to New York State General Municipal Law § 50-E, Mr. KIBLER filed a timely Notice of Claim with the New York City Comptroller on or about December 19, 2013. Mr. KIBLER's claims were not adjusted by the New York City Comptroller's Office within the period of time provided by statute. This Court therefore has supplemental jurisdiction over Mr. KIBLER's excessive force and wrongful arrest claims under New York law because it is so related to the within federal claims that they form part of the same case or controversy pursuant to 28 U.S.C. § 1367(a).

7. An award of costs and attorneys' fees is authorized pursuant to 42 U.S.C. §1988.

## PARTIES

8. Plaintiff AKEEM KIBLER ("Mr. KIBLER") was at all times relevant to this action a resident of the County of the Bronx in the State of New York.

9. Defendant THE CITY OF NEW YORK ("CITY") is a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a police department, which acts as its agent in the area of law enforcement and for which it is ultimately responsible. Defendant CITY assumes the risks incidental to the maintenance of a

police force and the employment of police officers as said risks attach to the public consumers of the services provided by the NYPD.

10. Defendant NYPD Police Officer ("P.O.") SEAN STERLING, ("P.O. STERLING," or "OFFICER STERLING") is and at all times relevant herein, was an officer, employee, and agent of the NYPD.

11. Officer Sterling is being sued in his individual capacity.

12. At all times relevant herein, the individual defendant was acting under color of state law in the course and scope of his duties and functions as an agent, servant, employee, and officer of the NYPD and otherwise performed and engaged in conduct incidental to the performance of his lawful functions in the course of his duties. Officer Sterling was acting for and on behalf of the NYPD at all times relevant herein, with the power and authority vested in him as an officer, agent and employee of the NYPD and incidental to the lawful pursuit of his duties as an officer, employee and agent of the NYPD.

## STATEMENT OF FACTS

13. In the early morning of October 4, 2013, at approximately 12:52 AM, defendant P.O. SEAN STERLING arrested without probable cause or justification Mr. AKEEM KIBLER in front of 1521 Westchester Avenue in the County of the Bronx in the State of New York.

14. At the approximate time and place above, KIBLER and his friend, Yusef Abednego approached Officer STERLING in order to obtain police assistance and in order to report a recent assault on Mr. Abednego, from which he suffered a visible head wound.

15. Mr. KIBLER had not witnessed the altercation in which his friend had been injured, but Mr. KIBLER, his mother, and his girlfriend, all saw his injury and urged Mr. Abednego to make a police report.

16. Mr. KIBLER and Mr. Abednego walked half a block on Elder from Mr. KIBLER's mother's house at 1245 Elder, to ask the NYPD Officer stationed on the corner, (the defendant P.O. STERLING), for help.

17. In response to the request for help, P.O. STERLING refused to render assistance in Mr. Abednego's reported assault.

18. In response to the request for help, P.O. STERLING stated, in sum and substance, that Mr. Abednego should handle the matter himself and that P.O. STERLING was unwilling to assist in the matter as he would be obligated to complete paperwork.

19. Mr. KIBLER was texting with his mother as Mr. Abednego continued to request assistance from Officer STERLING, which was unavailing. A marked NYPD vehicle then passed on the street and made a U-Turn. As the vehicle approached, P.O. STERLING suddenly grabbed Mr. KIBLER's hand and threw it behind Mr. KIBLER's back, placing Mr. KIBLER under arrest.

20. Mr. KIBLER repeatedly asked P.O. STERLING why he was under arrest, but P.O. STERLING would not state a basis.

21. Mr. KIBLER was transported to the NYPD's 43rd Precinct Station house and held there for several hours before being transported to Central Booking Bronx County.

22. In Central Booking Mr. KIBLER was placed in an unheated group holding cell. Mr. KIBLER was wearing a thin T-Shirt when he was arrested and there were no blankets provided.

23. Mr. KIBLER suffers from Asthma. Soon after being placed in the cell Mr. KIBLER began to suffer an asthma attack. Mr. KIBLER was administered a treatment of albuterol via a nebulizer at Central Booking but it did not stop his asthma attack. Mr. KIBLER was transported to Jacobi Medical Center in the Bronx, ("Jacobi") in hand and foot shackles.

24. At Jacobi Mr. KIBLER obtained emergency breathing treatments and his medical condition was stabilized. Follow up breathing treatments were prescribed for the next several days.

25. Mr. KIBLER was arraigned October 5 at approximately 5:00 PM on charges of Resisting Arrest and Disorderly Conduct based on a complaint sworn out by defendant P.O. STERLING.

26. On March 21, 2014, Mr. KIBLER's criminal case was dismissed.

### FIRST CLAIM FOR RELIEF
### DEPRIVATION OF RIGHTS
### UNDER THE UNITED STATES CONSTITUTION THROUGH 42 U.S.C. § 1983
(Against all Defendants)

27. Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

28. Defendants, under color of state law, subjected the plaintiff to the foregoing acts and omissions, thereby depriving plaintiff of his rights, privileges and immunities secured by the Fourth and Fourteenth Amendments to the United States Constitution, including, without limitation, deprivation of the following constitutional rights: (a) freedom from unreasonable seizure of his person; (b) freedom from arrest without probable cause; (c) freedom from false imprisonment; (d) freedom from the lodging of false charges against him by police officers; and (e) malicious prosecution.

29. Defendants' deprivation of plaintiff's constitutional rights resulted in the injuries and damages set forth above.

### SECOND CLAIM FOR RELIEF
### LIABILITY OF THE CITY OF NEW YORK FOR CONSTITUTIONAL VIOLATIONS
(Against the City of New York)

30. Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

31. At all times material to this complaint, defendant THE CITY OF NEW YORK had de facto policies, practices, customs and usages which were a direct and proximate cause of the unconstitutional conduct alleged herein.

32. At all times material to this complaint, defendant THE CITY OF NEW YORK failed to properly train, screen, supervise, or discipline its employees and police officers, including defendant P.O. STERLING, and failed to inform the individual defendant's supervisors of their need to train, screen, supervise or discipline the individual defendants.

33. The policies, practices, customs, and usages, and the failure to properly train, screen, supervise, or discipline, were a direct and proximate cause of the unconstitutional conduct alleged herein, causing injury and damage in violation of plaintiff's constitutional rights as guaranteed under 42 U.S.C. § 1983 and the United States Constitution, including its Fourth and Fourteenth Amendments.

34. As a result of the foregoing, plaintiff was deprived of liberty, suffered emotional distress, humiliation, costs and expenses, and was otherwise damaged and injured.

## THIRD CLAIM
### RESPONDEAT SUPERIOR LIABILITY OF THE CITY OF NEW YORK FOR STATE LAW VIOLATIONS

35. Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

36. The conduct of individual defendants, occurred while they were on duty and in uniform, and/or in and during the course and scope of their duties and functions as New York City police officers, and/or while they were acting as agents and employees of defendant THE

CITY OF NEW YORK, clothed with and/or invoking state power and/or authority, and, as a result, defendant THE CITY OF NEW YORK is liable to Plaintiff pursuant to the state common law doctrine of respondeat superior.

37. As a result of the foregoing, Plaintiff was deprived of his liberty, suffered specific and serious bodily injury, pain and suffering, psychological and emotional injury, costs and expenses, and was otherwise damaged and injured.

## FOURTH CLAIM
## ASSAULT AND BATTERY

38. Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

39. By the actions described above, defendants did inflict assault and battery upon Plaintiff. The acts and conduct of defendants were the direct and proximate cause of injury and damage to Plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

40. As a result of the foregoing, Plaintiff was deprived of his liberty, suffered specific and serious bodily injury, pain and suffering, psychological and emotional injury, costs and expenses, and was otherwise damaged and injured.

## FIFTH CLAIM
## NEGLIGENCE
## UNDER THE LAWS OF THE STATE OF NEW YORK

41. Mr. KIBLER incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

42. Defendants owed Mr. KIBLER a duty of care to ensure she be free from excessive detention and excessive force, and to ensure the processing of his arrest occurred in such a manner as

comports with the laws of the State of New York. The acts and conduct of the defendants breeched their duty of care to Mr. KIBLER.

43. The defendants, jointly and severally, negligently caused injuries, emotional distress and damage to Mr. KIBLER, when <u>inter alia</u>, defendants arrested him and use excessive force against him.

44. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

45. As a result of the foregoing, plaintiff was deprived of his liberty, suffered specific and serious bodily injury, pain and suffering, psychological and emotional injury, costs and expenses, and was otherwise damaged and injured.

## SIXTH CLAIM
## FALSE ARREST and FALSE IMPRISONMENT

46. Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

47. By the actions described above, defendants caused to be falsely arrested or falsely arrested Plaintiff, without reasonable or probable cause, illegally and without a warrant, and without any right or authority to do so. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to Plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

48. As a result of the foregoing, Plaintiff was deprived of his liberty, suffered specific and serious bodily injury, pain and suffering, psychological and emotional injury, costs and expenses, and was otherwise damaged and injured.

## SEVENTH CLAIM
## ABUSE OF PROCESS

49. Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

50. By the conduct and actions described above, defendants employed regularly issued process against Plaintiff compelling the performance or forbearance of prescribed acts. The purpose of activating the process was intent to harm Plaintiff without economic or social excuse or justification, and the defendants were seeking a collateral advantage or corresponding detriment to Plaintiff which was outside the legitimate ends of the process. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to Plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

51. As a result of the foregoing, Plaintiff was deprived of his liberty, suffered specific and serious bodily injury, pain and suffering, psychological and emotional injury, costs and expenses, and was otherwise damaged and injured.

## EIGHTH CLAIM
## MALICIOUS PROSECUTION

52. The Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

53. By the actions described above, defendants maliciously prosecuted Plaintiff without any right or authority to do so. The acts and conduct of the defendants were the direct and proximate

cause of injury and damage to plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

54. As a result of the foregoing, Plaintiff was deprived of his liberty, suffered specific and serious bodily injury, pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and was otherwise damaged and injured.

## JURY DEMAND

55. Plaintiff demands a trial by jury in this action on each and every one of his damage claims.

WHEREFORE, plaintiff demands judgment against the defendants individually and jointly and prays for relief as follows:

   a. That he be compensated for violation of his constitutional rights, pain, suffering, mental anguish, and humiliation; and

   b. That he be awarded punitive damages against the individual defendants; and

   c. That he be compensated for attorneys' fees and the costs and disbursements of this action; and

   d. For such other further and different relief as to the Court may seem just and proper.

Dated:      New York, New York
            December 30, 2014

Respectfully submitted,

By: _____
Mark C. Taylor
Rankin & Taylor, PLLC
*Attorneys for the Plaintiff*
11 Park Place, Suite 914
New York, New York 10007
Ph: 212-226-4507